Johnson, J.
The petition alleges that the death of Anderson was caused by Turner’s wrongful act, and that he died before this action was commenced.
Did the right to institute and prosecute this action survive against the personal representative of Turner ? This depends on a construction of the act requiring compensation for causing death by wrongful act, neglect or default (2 S. & C. 1139), and of section 398 of the code of civil procedure.
This act was passed March 25, 1851. It was an innovation upon the common law in allowing an action for damages resulting from death, and in authorizing an action in favor of the personal representative to recover such damages. The right to maintain such an action by the personal representative of the deceased, for causing his death, is authorized against the person who, or the corporation which, would have been liable if death had not ensued, whenever the death shall have been caused by the wrongful act, neglect or default of such person or corporation. The statute itself gives the test of the right to such an action. If the party injured, could, had death not ensued, have recovered for his injuries, then, when death does ensue, his personal representative may recover. The foundation of the former action is the personal injuries to himself b}r the wrongful act, neglect or default of defendant. The same injuries causing death are the foundation for the right of action in favor of his personal representative. The amount recovered is for the exclusive benefit of his widow and next of kin, re- *374 suiting from the death. In his action the measure of damages is determined by the extent of the personal injury, enhanced, it may be, by punitive damages, while the measure of damages in the latter action, is the pecuniary injury to the widow and next of kin, the loss to them caused by his death. In each case, the action is in form ex delieto.
In the case at bar it arises from a wrongful act and not from neglect or default. It belongs to the class of actions classified at common law as injuries to the person, as distinguished from injuries to the estate. By the express terms of the statute, the person who, or the corporation which, is guilty, is made liable, and not his heirs or personal representative.
At common law, all actions in form ex delieto, for the recovery of damages, abated by the death of either party. This rule embraced injuries to person, to personal property and to real estate.
By the statute, 4 Edw. 3, c. 7, this rule was so modified as to give an action in f mor of a personal representative for injuries to personal property. This statute may be regarded as part of the common law of this state.
By statute 3 and 4 W. 4, c. 42, § 3, the common law rule was further modified by giving an action in fmor of the personal representative for injuries to real estate, and against personal representatives for injuries to real or personal property. But neither of these statutes changed the common law rule as to injuries to the person.
When the act of March 25, 1851, was enacted, the civil practice act of 1831, with amendments, was in force in Ohio, and to a certain extent changed the common law as to abatements of actions. It provided that no pending action in any court (except for libel, slander, malicious prosecution, assault, assault and battery, actions on the case for nuisance, or against justices of the peace), shall abate by the death of either or both parties. Sections 62, 64, act of 1831, Swan (ed. 1840), p. 667.
By section 74 of the same act (Ibid. 669), if any person have a right to commence and maintain an action of trespass, or trespass on the case for mesne profits, or for an injury to *375 his estate, real or personal, or for deceit or fraud committed in the sale thereof; or if any person liable to either of said actions shall die before such action is brought, the cause of action shall survive.
By the act of 1845, the rule as to pending action was extended so as to provide that no action founded on a tort should abate by the death of the plaintiff. 43 Ohio L. 114, § 2.
In none of these statutes was any provision made to modify the common law rule that for injuries to the person arising ex delicto, the right to bring the action abated by the death of defendant.
Section 398 of the civil code is in terms the same as section 74 of the act of 1831. It provides that, in addition to the actions which survive at common law, causes of action1 for mesne profits, or for injury to real or personal estate, or for deceit or fraud shall also survive, and the action may be brought notwithstanding the death of the person entitled or liable to the same. This relates to causes of action or the right to commence and maintain actions, and not to pending actions.
Section 399 of the code relates to pending actions, and is the same in terms as section 64 of the act of 1831. As the case at bar depends upon section 398, the question is, does the act of 1851 give a right of action for injuries to the estate real or personal, within the meaning of those terms used in the section.
The damages recovered are for the pecuniary injury to the widow or next of kin, and not for injury to his estate. The legal injury for which a recovery may be had, is that done to them by causing the death of the person, standing in a certain relation to them. His personal injuries for which an action would lie, if death had not ensued, are the basis of his recovery,. while their injury, for which damages commensurate with their pecuniary loss resulting from his death is recoverable under the act of 1851, is the basis of their action. In each the liability arises from the same wrongful act, neglect or default, but in his action the amount of recovery is measured by his personal injuries, including pain and suffering, as well as *376 loss of time, expenses of cure, and it may be, exemplary damages ; while in theirs, the amount of recovery depends on none of these things, but on their pecuniary loss resulting from his death.
The law assumes that there is such a pecuniary loss to the widow and next of kin, and awards to them damages therefor.
The petition alleges that defendant, by his wrongful act, injured the estate of Anderson, but as the act gives the remedy not to his estate, but to his widow and next of kin, this cannot be so. The personal representative is only a trustee for them, to recover and distribute the damages they are entitled to recover. The clause “or for an injury to the real and personal estate,” found in section 398, and in the act of 1831, is borrowed from the classification known to the common law, to distinguish such injuries and rights of action from those to the personal or real estate.
We find the same terms in the act of 3 & 4 W. 4, ch. 42. By that act injuries to the personal or real estate, survive against the representative of the defendant. It recites the fact that there is no remedy for injuries to real estate of a deceased person committed in his life-time, nor for certain wrongs done by a person deceased, in his life-time, to another, in resj>eet to his property, real or personal, and among other things provides for an action against the personal representative of a deceased wrongdoer in respect to injuries to such property. 1 Ch. Plead. 79.
In using this phrase “injury to the real or personal estate,” the legislature is presumed to have used it in its well established sense, as distinguishing torts to property from injuries to person.
We conclude therefore, that section 398 of the code does not prevent the abatement of a right of action for damages to the person. As the right of action given by the statute is for the pecuniary loss to the widow and next of kin, the legal injury is the one sustained by them, and not by him or by his estate. It is not an injury to their estate. It is based upon the relation the deceased bore to them, and on his duty to provide for and *377 support them. If there is no one occupying the relation of widow or nest of kin no right of action accrues.
It fllows that the injury caused to them by the death, is a personal injory to them and not an injury to their estate.
"We have been referred to the case of Yerton v. Wiswall (16 How. Pr. 8), as an authority to the effect, that the New York statute similar to ours, creates a property interest in the life of deceased, which survives under the New York statutes.
That case arose out of negligence in the performance of an implied contract, and not, as in this case, from a wrongful acwliich was purely ex delicto. Again, the New York statute as to survivorship is different in terms.
But with the view of the judge who delivered the opinion, holding that their statute gave a vested property interest to the widow and next of kin in the life, or rather in the deáth, of deceased, we do not concur. To so hold is a confounding of legal terms and distinctions.
Death gives this right of action under the statute, while at common law death terminated the right of the party injured.
The statute gives a right to maintain an action for loss occasioned by death. It does not vest in the widow and next of kin a property interest in the deceased. To say that the remedy is in its nature ex contractu when the act is a naked trespass, or that the injury is to the estate of the deceased or of their estate is to confound the well settled distinction between injuries to the person and injuries to the estate.
"Whatever may be the rule, where the death is caused by neglect or default while the defendant is in the performance of a contract, express or implied, we hold that in this case, when the death is caused solely by the wrongful act of defendant’s intestate, the right to commence and maintain the action, abated by the death of Turner.
The demurrer to the petition should have been sustained and the action dismissed.

Judgment accordingly.